# In re Application of First Presbyterian Church of Bloomfield for Change of Name.

1. The Act of 20th of April, 1869, P. L. 82, conferring on the Court of Common Pleas of any county jurisdiction to change the name of any corporation within the county upon notice having been given to the Auditor General of the application to change the name applies to religious corporations, and is not repealed by the Act of 29th of April, 1874, P. L. 73.

2. The Court of Common Pleas may change the name of a corporation to that of another corporation, but that change does not invest the corporation, under its new name, with any of the property, trusts or charter rights of the corporation whose name is taken.

3. The corporation whose name is taken will be protected in all its rights, no matter under what name attacks against them may be made.

November 3d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Common Pleas No. 2, of *Allegheny county:* Of October and November Term, 1885, No. 132.

The record showed the following: Petition filed November 17th, 1884, by the First Presbyterian Church of Bloomfield, incorporated by decree of the Court of Common Pleas of Allegheny County, made the 27th day of July, A. D. 1872, setting forth that the corporation desires to amend its charter, and change its name and title as follows:

That the first article of its present charter, which is as follows: "1. The name of the corporation shall be The First Presbyterian Church of Bloomfield," shall be amended and changed so as to read as follows: 1. The name of the corporation shall be the Fourth Presbyterian Church of Pittsburgh. Wherefore it prays your honorable court to make a decree accordingly.

The court had previously decreed the change of name as prayed for, but on *certiorari* the decree was reversed by the Supreme Court, because it did not appear in the record that

[In re First Presbyterian Church of Bloomfield.]

the Auditor General had been notified of the intended application: 11 Outerbridge, 543.

Order of court filed November 17th, 1884.

And now, November 17th, 1884, the foregoing petition exhibited in open court, and it appearing to the court that due notice of this application and these proceedings were given to the Auditor General of Pennsylvania on the 15th day of November, 1884 (proof thereof being filed in this court), and the court, upon consideration thereof, being of opinion that said amendment of the charter and change of name of said corporation will be lawful, beneficial, and not injurious to the community, do direct said petition or writing to be filed in the office of the prothonotary of the court, and that notice thereof be inserted in one newspaper printed in said county, for three weeks, setting forth that said application has been made, and that a decree will be made on the 5th day of January, 1885, at 10 o'clock, A. M., conformably to the prayer of the petition, unless sufficient reason be shown why the same should not be done.

December 26th, 1884, proof of publication filed.

January 3d, 1885, exceptions and objections of the Fourth Presbyterian Church of Pittsburgh verified by affidavit filed, said exceptions being in substance as follows:

1. That there is already in the city of Pittsburgh a Presbyterian church, the corporate name of which is the "Fourth Presbyterian Church of Pittsburgh," which has transacted all its business and acquired property by purchase, gift and bequest, in its said corporate name, and to grant the same corporate name to another church in the city of Pittsburgh would lead to interminable confusion and dispute, and would result in evil consequences to both corporations, besides interfering with the vested rights of exceptant.

2. That the Fourth Presbyterian Church of Pittsburgh, by virtue of the last will and testament of James Jones, deceased, became possessed of real and personal property in the city of Pittsburgh, in trust for the spread of the Gospel in that portion of the city of Pittsburgh in which said church is now or may hereafter be located. The proposed change of name, therefore, to the one selected by the petitioning corporation, besides interfering with the vested rights of exceptant corporation, is an attempt on the part of the petitioning corporation to secure the name of exceptant corporation, and through the name thus secured lay claim to property and funds belonging to excepting corporation, and now held in trust as aforesaid, and, if allowed, will be of irreparable and irremedial

[In re First Presbyterian Church of Bloomfield.]

damage and injury to exceptant corporation, will involve both corporations in endless litigation, and if ultimately suc cessful, and the above mentioned funds are thus wrongfully diverted from the true object of the donor's bounty, will work a total loss thereof to both corporations by reversion thereof to the estate of said James Jones, deceased.

3. The petition of petitioning corporation sets forth no reason for selecting the name of excepting corporation.

4. The Acts of Assembly (claim to give jurisdiction to this court to change the name, style and title of corporations) does not by its terms authorize the taking of a name already granted to an existing corporation.

5. If the language of the Acts of Assembly (claim to confer jurisdiction in this matter) can be construed to intend the power to grant the name of an existing corporation by the court in changing the name, style and title of any corporation, such attempted grant of power would be unconstitutional and void, as it would be an impairing of property and contract rights of such existing corporation, in violation of the provisions of both the constitution and laws of this state, and of the United States of America.

6. The court can not exercise such jurisdiction by taking the name of an existing corporation.

7. The change of the name, style and title of petitioning corporation to that of exceptant, would impair its enjoyment of the powers and benefits conferred upon it by the James Jones trust, and would further tend to a diversion of said funds to the petitioning corporation, which is evidently one of the objects sought by this change of name.

8. The concurrence of the presbytery of Pittsburgh in the desire of petitioning corporation to amend its charter and change its corporate name to that of excepting corporation, not being a matter of church discipline, nor of faith, nor of doctrine, is a subject concerning which said judicatory has no power to legislate or pronounce a binding judgment.

9. A suit in equity is now pending between excepting corporation and petitioning corporation, in which, amongst other things, it is sought to restrain petitioning corporation from assuming the name, style and title of excepting corporation.

10. This court has no jurisdiction of the subject matter of the prayer contained in the petition of the petitioning corporation in the manner and form in which the same is presented, at above entitled case.

11. The named prayed for in the petition of the petitioning corporation is not the one selected by the congregation or approved of by the presbytery of Pittsburgh.

12. In view of the facts set forth in the foregoing excep-

[In re First Presbyterian Church of Bloomfield.]

tions and objections, to allow the change of the corporate name of "The First Presbyterian Church of Bloomfield" to "The Fourth Presbyterian Church of Pittsburgh," as prayed for in the petition filed at above entitled case, will be against the spirit and letter of the constitution and laws of the State of Pennsylvania and of the United States of America.

June 27th, 1885, the following decree was filed:

And now, to wit, June 27th, 1885, it appearing to the court that the order of the court, made November 19th, 1884, as to notice, &c., has been complied with, and no sufficient reason having been shown why the said amendment of the charter and change of name of the said corporation should not be made, it is now ordered, adjudged and decreed that the name of said corporation shall be the Fourth Presbyterian Church of Pittsburgh, and that said amendment and change of name shall be deemed and taken (when duly recorded) to be a part of the charter of said corporation; and it is further ordered that said amendment shall be recorded in the office for the recording of deeds in and for said county of Allegheny.

Opinion filed by the court June 27th, 1885.

The old ecclesiastical organization, known as the Fourth Presbyterian Church of Pittsburgh, passed out of existence by action of the members and presbytery. The civil body or corporation may survive for certain purposes, but, as a church organization, it is practically dead, and cannot be resuscitated except under the sanction and by authority of the presbytery. The title of the Bloomfield church, as an ecclesiastical organization, has already been changed by action of the society and sanction of the presbytery, to the Fourth Presbyterian Church of Pittsburgh. It is manifestly proper to have the corporate name changed to the same. Some confusion and uncertainty may result from the change, and we should probably refuse to sanction it but for the action of presbytery. The change of name, however, can not invest the new corporation with any of the property or trusts of the old corporation. If such exist, the presbytery will, doubtless, see that they are not lost or perverted, and if they neglect to do so the civil courts are open to all who may apply to them for this purpose. Exceptions dismissed and decree granted.

The exceptants thereupon took this writ, assigning for error:

1. The court erred in making the following decree: And now, to wit, June 27th, 1885, it appearing to the court that the order of the court, made November 17th, 1884, as to notice, &c., has been complied with, and no sufficient reason

having been shown why the said amendment of the charter and change of name of the said corporation should not be made, it is now ordered, adjudged and decreed that the name of said corporation shall be the Fourth Presbyterian Church of Pittsburgh, and that said amendment and change of name shall be deemed and taken (when duly recorded) to be a part of the charter of said corporation; and it is further ordered that said amendment shall be recorded in the office for the recording of deeds in and for said county of Allegheny.

2. The court had no jurisdiction to further proceed in the case after the sworn exceptions and objections of January 3d, 1885, had been filed.     The legislation claimed to give it jurisdiction, being void as against Article 1, Section 10, of the Constitution of the United States.

3. The court erred in not dismissing the petition.

*Winfield S. Wilson* and *Jacob F. Slater* (*S. H. Geyer* with them), for the plaintiff in error.—We submit, 1. The Act of April 20th, 1869, P. L. 82, under which these proceedings have been instituted, never had any application to the class of corporations to which the parties to this record belong; 2. If it ever did apply, it has been repealed by the Act of April 29th, 1874, P. L. 73, entitled, an Act to Provide for the Incorporation and Regulation of Certain Corporations, and by the supplement thereto of April 17th, 1876, P. L. 37, entitled, A Supplement to an Act approved April 29th, 1874, entitled "An Act to Provide for the Incorporation and Regulation of Certain Corporations," providing for the further regulation of such corporations, and for the incorporation and regulation of certain additional corporations.    In both these Acts the very first species of the first class of corporations to which the Acts apply is to those formed for the support of public worship.    The record discloses that both petitioner and exceptant are corporations formed for the support of public worship, and therefore fully within the purview of the Acts.

Conceding that the court below had jurisdiction under the Act claimed, then that jurisdiction ceased upon the interposition of the objections made by plaintiff in error, a corporation having the same name as the one sought to be obtained by petitioner: Walker et al. *ex parte*, 1 Tenn., Chancery Rep. 100.

Even when there is no statute forbidding the formation of corporations with names similar to those of corporations already in existence, a corporation will be protected in the exclusive use of its name: Taylor on Private Corporations, 107, § 158; First Presbyterian Church of Harrisburg, 2 Grant, 240; 2 High on Injunctions (2 Ed.), § 1081, page

707; Holmes, Booth & Haydens *v.* Holmes, Booth & Atwood Manf. Co., 37 Conn. 278.

The granting of a corporate franchise is a sovereign act, and when the judge of the Common Pleas acts under this law, he acts, not judicially, but ministerially, by virtue of this delegated sovereign power, just as the legislature itself acted under the old law: In re Walker et al. *ex parte,* 1 Tenn., Chancery Rep. *supra.*

This principle has been recognized by this court: Kimber *v.* Schuylkill County, 8 Harris, 368.

The legislature could not pass a law depriving a corporation of any of its vested rights. If it did, as seems to be claimed in this case, then the law itself is void, as against Article 1, Section 10, of the Constitution of the United States, forbidding any state to pass any law impairing the obligation of contracts: Trustees of Dartmouth College *v.* Woodward, 4 Wheaton, 578; Binghamton Bridge, 3 Wallace, 51.

The principles enunciated by these cases have been fully endorsed by this court: Bank of Pennsylvania *v.* The Commonwealth, 7 Harris, 151; Commonwealth *v.* Pittsburgh & Connellsville R. R. Co., 8 Smith, 46; Iron City Bank *v.* Pittsburgh, 1 Wr. 346; Dugan *v.* Bridge Co., 3 Casey, 309; Hays *v.* Commonwealth, 1 Norris, 523.

If, then, the legislature can not pass a law thus "impairing the obligation of contracts," how can it pass a law delegating that power to the courts? It could not vest in another a power which it did not itself possess.

*A. M. Brown,* for defendant in error.—1. The position taken by the plaintiff in error is not sustained by In re Fidelity Mutual Aid Society, 12 W. N. C. 271. That society was incorporated under the Act of May 1st, 1876, P. L. 53, being the general Act creating the insurance department of the state, which requires the transmission of a certified copy of the proposed amendments and alterations to the insurance commissioner, and comprehends the power to alter or amend the name of the company as well as all other parts of the charter. . . . Nor have we any doubt that the power given to the insurance commissioner by the Act, to reject any proposed name, extends to such amendments of the charter as propose a change of name, as well as to the name proposed when the charter is originally applied for. Insurance companies can no longer be incorporated by the Courts of Common Pleas, nor can their charters be altered by application to those tribunals, for section 57 of the Act of May 1st, 1876, expressly repeals all Acts providing for the incorporation of the insurance companies whose incorporation is provided for by this Act, &c. . .

1 Amerman—11

[In re First Presbyterian Church of Bloomfield.]

That this repealing clause extends to and abrogates the Act of April 20th, 1869, so far as relates to insurance companies, we entertain no doubt. . . . It is clear, that the method provided for the alteration and amendment of charters.

2. The Acts of 1849, 1854, 1863, 1873, are not repealed by the Act of 1874, except so far as they provide for the creation of corporations for any of the purposes provided for by this Act, 1874, or are inconsistent with this Act.

The maxim, *expressio unius est exclusio alterius,* is especially applicable when applied to the interpretation of statutes: . Broom's Legal Maxims, *592, *593.

3. The old organization, known as The Fourth Presbyterian Church of Pittsburgh, is dead.

4. The power of a private corporation to dissolve itself by its own assent seems to be assumed by nearly all the judges who have considered the point: Riddle *v.* Locks and Canals on Merrimack River, 7 Mass. 185; Hampshire *v.* Franklin, 16 Id. 86, 87; McLaren *v.* Pennington, 1 Paige, 107, per Chancellor Walworth; Enfield Toll Bridge Co. *v.* Connecticut River Co., 7 Conn. 45–52; Attorney General *v.* Clergy Society, 10 Rich. Eq., 604; Mumma *v.* Potomac Co., 8 Peters, 281; 2 Kent's Com., 310, 311; Treadwell *v.* Salisbury Manufacturing Co., 7 Gray, 393.

Such dissolution may be inferred from the conduct of the parties and the disposition of the corporate property: Regents of the University of Maryland *v.* Williams, 9 Gill and J. 365; Slee *v.* Bloom, 19 Johns, 456.

Lauman *v.* The Lebanon Valley Railroad Co., 30 Pa. St. 42, is conclusive upon this point: Chesapeake and Ohio Canal Co. *v.* Baltimore & Ohio R. R. Co., 4 Gill & J. 1.

All the authorities in this country and in England agree that the dissolution of both public and private corporations occurs from loss of all their members.

Mr. Justice GORDON delivered the opinion of the court, January 4th, 1886.

The learned counsel for the exceptants, notwithstanding the Act of April 20th, 1869, and the decision of this court, rendered only one year ago, now insists that the action of the court below in changing the charter name of the First Presbyterian Church of Bloomfield, under and by virtue of the provisions of the said Act, was all wrong. Admitting, as he contends, that a similar power had been previously conferred on the Common Pleas, by the 14th section of the Act of 1840, under the general words "improvements, amendments and alterations," we cannot see how this is to be made to affect the Act of 1869. It can, I think, hardly be doubted that the

[In re First Presbyterian Church of Bloomfield.]

legislature had the power to require that a change in a charter name, as therein specified, should be made only on notice to the Auditor General. This direction may have been, as the counsel observed, a senseless one, and a work of supererogation, nevertheless, that the legislature had the power to give it is undoubted, and our wisdom as judges will not be the less obvious to the ordinary observer if we confine our attention to the construction and enforcement of legislative enactment rather than to its amendment and revision. Nor can there be any uncertainty as to the opinion of the General Assembly on the power of the courts to change the name of a corporation, for in 1843 that body conferred this as a special power on the Court of Quarter Sessions, and we again find, twenty-six years afterwards, this Act superseded by the one now under discussion, by which that power was transferred to the Common Pleas. From this it would seem clear that the legislature was of the opinion that previous to the Act of 1843 no court possessed the jurisdiction necessary to change the name of a corporation. Conceding, however, that this was a mistake, yet still we have the imperative command remaining, that notice to the Auditor General shall be a *sine qua non* to the alteration of a charter name by the Common Pleas, and this mandate neither this court nor the lower courts can constitutionally disregard. Neither is this section repealed by the Act of 1874. We search that Act in vain for anything of the kind; there is in it no such intention either expressed or implied. As regards secular corporations, at least, the Act of 1869 is a valuable one, and is not to be treated as repealed by implication when no such intent is discoverable in the subsequent Act, and which, if legislative construction is to be regarded, in nowise conflicts with it. Nor do we see what special interest the exceptants can have in the reversal of the action of the court below. They seem to be laboring under the impression that the giving the same name to the Bloomfield church would somehow interfere with their charter rights. This is certainly a mistake. The Bloomfield church under the name of the Fourth Church, can no more meddle with those rights than it could under its old name. The exceptants are battling, not with substance, but with shadow, and their efforts are misdirected and purposeless. If they have a church organization, then are their corporate franchises secure from all external attacks, no difference under what name such attacks may be made, but if they have no such organization, then, indeed, are they a mere *nominis umbra*—a shadow without a substance.

The decree of the court below is affirmed.

STERRETT, J. dissents.